> This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Amanda Brown v. Costco Wholesale Corporation

| | |
|---|---|
| Case Number | 49D06-2101-CT-002028 |
| Court | Marion Superior Court 6 |
| Type | CT - Civil Tort |
| Filed | 01/20/2021 |
| Status | 01/20/2021 , Pending  (active) |

## Parties to the Case

**Defendant**  Costco Wholesale Corporation

| | |
|---|---|
| Address | c/o CT Corporation System |
| | 334 North Senate Avenue |
| | Indianapolis, IN 46204 |
| Attorney | Leslie B Pollie |
| | *#2571649, Lead, Retained* |
| | Kopka Pinkus Dolin PC |
| | 550 Congressional Blvd., Suite 310 |
| | Carmel, IN 46032 |
| | 317-818-1360(W) |
| Attorney | Jessica Nicole Hamilton |
| | *#3426871, Retained* |
| | 550 Congressional Blvd. |
| | Suite 310 |
| | Carmel, IN 46032 |
| | 317-818-1360(W) |

**Plaintiff**    Brown, Amanda

| | |
|---|---|
| Attorney | Phillip Dale Olsson |
| | *#2941653, Retained* |
| | KEN NUNN LAW OFFICE |
| | 104 South Franklin Road |
| | Bloomington, IN 47404 |
| | 812-332-9451(W) |

## Chronological Case Summary

| | |
|---|---|
| 01/20/2021 | **Case Opened as a New Filing** |

| 01/20/2021 | **Complaint/Equivalent Pleading Filed** |
|---|---|
| | Complaint for Damages |
| | Filed By:        Brown, Amanda |
| | File Stamp:    01/20/2021 |

| 01/20/2021 | **Appearance Filed** |
|---|---|
| | Appearance |
| | For Party:      Brown, Amanda |
| | File Stamp:      01/20/2021 |

| 01/20/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Summons to Costco |
| | Filed By:      Brown, Amanda |
| | File Stamp:      01/20/2021 |

| 02/03/2021 | **Service Returned Served (E-Filing)** |
|---|---|
| | Return of Service for Costco |
| | Filed By:      Brown, Amanda |
| | File Stamp:      02/02/2021 |

| 02/03/2021 | **Appearance Filed** |
|---|---|
| | Appearance by Leslie Pollie and Jess Hamilton for Costco |
| | For Party:      Costco Wholesale Corporation |
| | File Stamp:      02/03/2021 |

| 02/03/2021 | **Motion for Enlargement of Time Filed** |
|---|---|
| | Costco's Notice of Automatic Enlargement of Time |
| | Filed By:      Costco Wholesale Corporation |
| | File Stamp:      02/03/2021 |

| 02/03/2021 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | Judicial Officer:      Eisgruber, Kurt |
| | Order Signed:      02/03/2021 |

| 02/04/2021 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 2/3/2021 : Jessica Nicole Hamilton;Leslie B Pollie;Phillip Dale Olsson |

| 03/19/2021 | **Answer to a Complaint Filed** |
|---|---|
| | Costco Answer to Plaintiff's Complaint |
| | Filed By:      Costco Wholesale Corporation |
| | File Stamp:      03/19/2021 |

| 07/01/2021 | **Witness and/or Exhibit List Filed** |
|---|---|
| | Plaintiff's Preliminary Witnesses and Exhibits List |
| | Filed By:      Brown, Amanda |
| | File Stamp:      06/30/2021 |

| 07/12/2021 | **Case Management Plan** |
|---|---|
| | telephonic hearing set |
| | Judicial Officer:      Eisgruber, Kurt |
| | Order Signed:      07/12/2021 |

| 07/12/2021 | **Hearing Scheduling Activity** |
|---|---|
| | Telephonic Attorney Conference scheduled for 09/16/2021 at 11:30 AM. |

| 07/13/2021 | **Automated ENotice Issued to Parties** |
|---|---|

Case Management Plan ---- 7/12/2021 : Jessica Nicole Hamilton;Leslie B Pollie;Phillip Dale Olsson Hearing Scheduling Activity ---- 7/12/2021 : Jessica Nicole Hamilton;Leslie B Pollie;Phillip Dale Olsson

| 08/10/2021 | **Motion Filed** |
|---|---|

Motion for Agreed Protective Order

| Filed By: | Costco Wholesale Corporation |
|---|---|
| File Stamp: | 08/10/2021 |

| 08/10/2021 | **Order Issued** |
|---|---|

Stipulation and Protective Order

| Judicial Officer: | Eisgruber, Kurt |
|---|---|
| Order Signed: | 08/10/2021 |

| 08/11/2021 | **Automated ENotice Issued to Parties** |
|---|---|

Order Issued ---- 8/10/2021 : Jessica Nicole Hamilton;Leslie B Pollie;Phillip Dale Olsson

| 09/16/2021 | **Telephonic Attorney Conference** |
|---|---|
| Session: | 09/16/2021 11:30 AM, Judicial Officer: Eisgruber, Kurt |
| Result: | Commenced and concluded |

| 09/16/2021 | **Hearing Journal Entry** |
|---|---|

Telephonic hearing held via conference call on Judge's chamber.

| Judicial Officer: | Eisgruber, Kurt |
|---|---|
| Hearing Date: | 09/16/2021 |

| 09/16/2021 | **Hearing Journal Entry** |
|---|---|

Parties agree to dates.

| Judicial Officer: | Eisgruber, Kurt |
|---|---|
| Hearing Date: | 09/16/2021 |

| 09/16/2021 | **Hearing Journal Entry** |
|---|---|

Motions in Limine, Joint Issue Instruction and proposed instructions to be efiled 7 days prior to Final Pre-Trial Conference.

| Judicial Officer: | Eisgruber, Kurt |
|---|---|
| Hearing Date: | 09/16/2021 |

| 09/16/2021 | **Hearing Scheduling Activity** |
|---|---|

Jury Trial scheduled for 05/16/2023 at 9:00 AM.

| 09/16/2021 | **Hearing Scheduling Activity** |
|---|---|

Final PreTrial Conference scheduled for 05/01/2023 at 1:30 PM.

| 09/17/2021 | **Automated ENotice Issued to Parties** |
|---|---|

Hearing Scheduling Activity ---- 9/16/2021 : Jessica Nicole Hamilton;Leslie B Pollie;Phillip Dale Olsson Hearing Scheduling Activity ---- 9/16/2021 : Jessica Nicole Hamilton;Leslie B Pollie;Phillip Dale Olsson

| 05/01/2023 | **Final PreTrial Conference** |
|---|---|
| Session: | 05/01/2023 1:30 PM, Judicial Officer: Eisgruber, Kurt |
| Comment: | jury trial 5/16/23 |

| 05/16/2023 | **Jury Trial** |
|---|---|
| Session: | 05/16/2023 9:00 AM, Judicial Officer: Eisgruber, Kurt |
| Comment: | 2 days |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### Brown, Amanda

Plaintiff

Balance Due (as of 10/18/2021)

**0.00**

#### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

#### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 01/20/2021 | Transaction Assessment | 157.00 |
| 01/20/2021 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

STATE OF INDIANA      )          IN THE MARION SUPERIOR COURT

                           ) SS:

COUNTY OF MARION     )          CAUSE NO.

AMANDA BROWN

     VS.

COSTCO WHOLESALE CORPORATION

## COMPLAINT FOR DAMAGES

Comes now the plaintiff, Amanda Brown, by counsel, Ken Nunn Law Office, and for cause of action against the defendant, Costco Wholesale Corporation, alleges and says:

1.    That on or about September 6, 2020, the plaintiff, Amanda Brown, was a customer at Costco located at 9010 Michigan Road in Indianapolis, Marion County, Indiana.

2.    That on or about September 6, 2020, the plaintiff, while exercising due care and caution for her own safety, was checking out at said store when suddenly, without warning, the plastic partition constructed around the cashier collapsed onto plaintiff, causing her to suffer serious injuries.

3.    That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said store in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the store dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in her lawful use of same.

4.    That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said store.

5.    That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid store in a condition reasonably safe for plaintiff and free from defects and conditions rendering the store unsafe.

6.    That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing in said store.

7.    That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

-2-

8.     That the permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said store.

9.     That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

10.    That the plaintiff has incurred medical expenses, lost wages, and other special expenses, and will incur future medical expenses, lost wages, and other special expenses, as a direct and proximate result of defendant's negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages, and other special expenses, for future medical expenses, lost wages, and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE


BY:    *s/ Phillip Olsson*
       Phillip Olsson, #29416-53
       KEN NUNN LAW OFFICE
       104 South Franklin Road
       Bloomington, IN  47404
       Phone: (812) 332-9451
       Fax: (812) 331-5321
       E-mail: philo@kennunn.com


**REQUEST FOR TRIAL BY JURY**

Comes now the plaintiff, by counsel, Ken Nunn Law Office, and requests that this

matter be tried by jury pursuant to Trial Rule 38.

-3-

KEN NUNN LAW OFFICE


BY:    *s/ Phillip Olsson*
       Phillip Olsson, #29416-53
       KEN NUNN LAW OFFICE
       104 South Franklin Road
       Bloomington, IN  47404
       Phone: (812) 332-9451
       Fax: (812) 331-5321
       E-mail: philo@kennunn.com



Phillip Olsson, #29416-53
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:   812-331-5321
Attorney for Plaintiff

# APPEARANCE FORM (CIVIL)
## Initiating Party

| | | |
|---|---|---|
| | CAUSE NO: | |
| 1. | Name of first initiating party | Amanda Brown<br>12873 Tradd Street #3A<br>Carmel, IN 46032 |
| 2. | Telephone of pro se initiating party | NA |
| 3. | Attorney information (as applicable for service of process) | Phillip Olsson #29416-53<br>Ken Nunn Law Office<br>104 South Franklin Road<br>Bloomington, IN 47404<br>PHONE:     812 332-9451<br>FAX:       812 331-5321<br>Email: philo@kennunn.com |
| 4. | Case type requested | CT (Civil Tort) |
| 5. | Will accept FAX service | YES |
| 6. | Are there related cases | NO |
| 7. | Additional information required by State or Local Rules | |
| Continuation of Item 1 (Names of initiating parties) | | NAME:<br>NAME: |
| Continuation of Item 3 (Attorney information as applicable for service of process) | | |

  s/Phillip Olsson
Attorney-at-Law
(Attorney information shown above.)

Case 1:21-cv-02668-SEB-MJD   Document 1-1   Filed 10/18/21   Page 9 of 46 PageID #: 12

49D06-2101-CT-002028
Marion Superior Court 6

Filed: 1/20/2021 1:20 PM
Clerk
Marion County, Indiana

CIRCUIT/SUPERIOR COURTS FOR THE COUNTY OF MARION
STATE OF INDIANA
CITY COUNTY BUILDING, 200 E. WASHINGTON STREET
INDIANAPOLIS, INDIANA  46204
TELEPHONE 317 327-4740

Amanda Brown

Plaintiff(s)

VS.                                          No. _____

Costco Wholesale Corporation

Defendant(s)

## SUMMONS

The State of Indiana to Defendant: **Costco Wholesale Corporation, c/o CT Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204**

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this document.  It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded.  You have twenty-three (23) days to answer if this summons was received by mail.  **Such Answer Must Be Made In Court.**

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: 1/20/2021
_____

_Myla A. Eldridge_
CLERK, MARION CIRCUIT/SUPERIOR COURTS

PHILLIP OLSSON, #29416-53
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN   47404

## ACKNOWLEDGMENT OF SERVICE OF SUMMONS

A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ this _____ day of _____, 2021.

_____
SIGNATURE OF DEFENDANT

PRAECIPE:  I designate the following mode of service to be used  by the Clerk.

XX      By certified or registered mail with return receipt to above address.

☐      By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

☐      By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

☐      By serving his agent as provided by rule, statute or valid agreement, to-wit:

KEN NUNN LAW OFFICE

BY: _ _s/ PHILLIP OLSSON_____
ATTORNEY FOR PLAINTIFF

MARION COUNTY COURTS
SEAL

CERTIFICATE OF MAILING:  I certify that on the __ day of _____, 2021, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2021.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SERVICE OF SUMMONS BY MAIL:**  I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2021, and that a copy of the return of receipt was received by me on the _____ day of _____, 2021, which copy is attached herewith.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:**  I hereby certify that on the __ day of _____ __, 2021, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2021, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

Dated this __ day of _____, 2021.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SUMMONS:**  This summons came to hand on the __ day of _____, 2021, and I served the same on the __ day of _____, 2021.

1. By mailing a copy of the summons and complaint personally to _____ address _____ _____.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____ the dwelling house or usual place of abode of defendant:_____ (Name of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2021 to _____ his last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit:_____ _____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2021.

_____
SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:**  I hereby certify that I have served the within summons:

1. By delivery on the __ day of _____, 2021 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the __ day of _____, 2021 for each of the within named defendant(s)_____ _____, a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____ and by mailing a copy of the summons without the complaint to _____ at _____ _____ the last known address of defendant(s).

All done in MARION County, Indiana.

Fees:  $_____

_____
SHERIFF or DEPUTY

**UNITED STATES**
**POSTAL SERVICE**₊

Mailer: Ken Nunn Law Office

Date Produced: 02/01/2021

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8330 1977 00. Our records indicate that this item was delivered on 01/25/2021 at 10:20 a.m. in INDIANAPOLIS, IN 46204. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

COSTCO WHOLESALE CORPORATION C/O CT CORPORATION SYSTEM
334 N SENATE AVE
INDIANAPOLIS IN 46204-1708

Customer Reference Number:          C2473900.14226707

Return Reference Number              Amanda K. Brown

2

USPS MAIL PIECE TRACKING NUMBER:  42046204921489019403830197700

MAILING DATE:    01/20/2021

DELIVERED DATE:   01/25/2021

CUSTOM1:


MAIL PIECE DELIVERY INFORMATION:

COSTCO WHOLESALE CORPORATION C/O CT CORPORATION SYSTEM
334 N SENATE AVE
INDIANAPOLIS IN 46204-1708


MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 01/21/2021 10:46 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | BLOOMINGTON,IN 47404 |
| 01/22/2021 07:45 | ORIGIN ACCEPTANCE | BLOOMINGTON,IN 47404 |
| 01/22/2021 09:00 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 01/23/2021 04:02 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 01/23/2021 09:47 | ARRIVAL AT UNIT | INDIANAPOLIS,IN 46204 |
| 01/23/2021 09:58 | OUT FOR DELIVERY | INDIANAPOLIS,IN 46204 |
| 01/23/2021 10:23 | BUSINESS CLOSED | INDIANAPOLIS,IN 46204 |
| 01/24/2021 03:58 | AWAITING DELIVERY SCAN | INDIANAPOLIS,IN 46204 |
| 01/25/2021 10:20 | DELIVERED INDIVIDUAL PICKED UP AT USPS | INDIANAPOLIS,IN 46204 |

95715.40

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

## E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

Party Classification:  Initiating:_____  Responding:  __X__  Intervening: _____

1.     The undersigned attorney appears in this case for the following party member:

### Costco Wholesale Corporation

2.     Attorney information for service as required by Trial Rule 5(B)(2):

| | | |
|---|---|---|
| Leslie B. Pollie | Atty. No. | 25716-49 |
| KOPKA PINKUS DOLIN PC | Telephone: | (317) 818-1360 |
| 550 Congressional Boulevard | Facsimile: | (317) 818-1390 |
| Suite 310 | Email: | lbpollie@kopkalaw.com |
| Carmel, IN 46032 | | |

| | | |
|---|---|---|
| Jessica N. Hamilton | Atty. No. | 34268-71 |
| KOPKA PINKUS DOLIN PC | Telephone: | (317) 818-1360 |
| 550 Congressional Boulevard | Facsimile: | (317) 818-1390 |
| Suite 310 | Email: | jnhamilton@kopkalaw.com |
| Carmel, IN 46032 | | |

**IMPORTANT:** Each attorney specified on this Appearance:

(a)    certified that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)    acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email addresses specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.    Case Type requested under Administrative Rule 8(b)(3):  **CT**

4.    I will accept service by fax at the above noted number:  **No**

I will accept service by email at the above noted address:  **Yes**

5.    This case involves child support issues:  **No**

6.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  **No**

7.    This case involves a petition for involuntary commitment:  **No**

8.    Are there related cases:  **No**

9.    Additional information required by local rule:  **No**

10.    Are there other party members:  **No**

11.    This form has been served on all other parties and a Certificate of Service is attached.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: _____

Leslie B. Pollie, Atty No. 25716-49
Jessica N. Hamilton, Atty No. 34268-71
Attorneys for Costco Wholesale Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2021, I electronically filed the foregoing document using the Indiana eFiling System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Phillip Olsson
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
philo@kennunn.com
*Attorney for Plaintiff*

Leslie B. Pollie

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
lbpollie@kopkalaw.com

3

Filed: 2/5/2021 2:26 PM
Clerk
Marion County, Indiana

95715.41

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

### DEFENDANT  COSTCO WHOLESALE CORPORATION'S NOTICE OF AUTOMATIC EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Costco Wholesale Corporation ("Costco"), by counsel, pursuant to Marion County Local Rule 49-TR5, notifies the Court that it will utilize the automatic thirty (30) day extension of time in which to respond to Plaintiff's Complaint, and in support would show the Court as follows:

1.    That on January 20, 2021, Plaintiff's Complaint was filed with this Court.

2.    That on January 25, 2021, service upon Costco Wholesale Corporation was perfected by certified mail.

3.    That on February 17, 2021, Defendant's response to Plaintiff's Complaint is due.

4.    That undersigned counsel requires additional time in order to confer with her client, review the claim, investigate the facts, and prepare an appropriate response.

5.    That the thirty (30) day extension of time shall be automatic pursuant to Marion County Local Rules.

6.    That the extension of time is not for purposes of delay and will not prejudice the Plaintiff.

**WHEREFORE**, Defendant, Costco Wholesale Corporation, notifies the Court that it will utilize the automatic thirty (30) day extension of time to, and including, March 19, 2021 in which to respond to Plaintiff's Complaint.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: _____

Leslie B. Pollie, Atty No. 25716-49
Jessica N. Hamilton, Atty No. 34268-71
Attorneys for Costco Wholesale Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2021, I electronically filed the foregoing document using the Indiana eFiling System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Phillip Olsson
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
philo@kennunn.com
*Attorney for Plaintiff*

_____
Leslie B. Pollie

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
lbpollie@kopkalaw.com

95715.42

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

**F I L E D**

February 3, 2021

CLERK OF THE COURT
MARION COUNTY
JW

## **ORDER GRANTING COSTCO WHOLESALE CORPORATION'S AUTOMATIC ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant, Costco Wholesale Corporation, by counsel, having filed a Notice for Automatic Extension of Time to Respond to Plaintiff's Complaint, and the Court, having reviewed the notice and being duly advised in the premises, now finds that Defendant is entitled to an automatic enlargement of time pursuant to Marion County Local Rule LR49-TR5-203(D).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, Costco Wholesale Corporation shall have up to and including **March 19, 2021** by which to file a response to Plaintiff's Complaint.

    **SO ORDERED** ___February 3, 2021_____.

_____

Judge, Marion County Superior Court No. 6

Distribution to parties via IEFS

95715.42

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

**F I L E D**

February 3, 2021
CLERK OF THE COURT
MARION COUNTY
JW

## <u>ORDER GRANTING COSTCO WHOLESALE CORPORATION'S AUTOMATIC ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT</u>

Defendant, Costco Wholesale Corporation, by counsel, having filed a Notice for Automatic Extension of Time to Respond to Plaintiff's Complaint, and the Court, having reviewed the notice and being duly advised in the premises, now finds that Defendant is entitled to an automatic enlargement of time pursuant to Marion County Local Rule LR49-TR5-203(D).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, Costco Wholesale Corporation shall have up to and including **March 19, 2021** by which to file a response to Plaintiff's Complaint.

    **SO ORDERED**   <u>February 3, 2021</u>  .

<u>_____</u>

Judge, Marion County Superior Court No. 6

Distribution to parties via IEFS

95715.45

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

## DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE AND OTHER DEFENSES, AND REQUEST FOR JURY TRIAL

Defendant, Costco Wholesale Corporation ("Costco"), by counsel, answers Plaintiff's Complaint as follows:

1.      That on or about September 6, 2020, the plaintiff, Amanda Brown, was a customer at Costco located at 9010 Michigan Road in Indianapolis, Marion County, Indiana.

**ANSWER:  Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

2.      That on or about September 6, 2020, the plaintiff, while exercising due care and caution for her own safety, was checking out at said store when suddenly, without warning, the plastic partition constructed around the cashier collapsed onto plaintiff, causing her to suffer serious injuries.

**ANSWER:  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.**

3.      That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said store in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the store dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in her lawful use of same.

**ANSWER:  Defendant will rely upon the Court to establish the duties of the parties to this action.   To the extent this allegation requires a response, Defendant denies the characterization "duty of the defendant to use ordinary care and diligence."**

4.      That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said store.

**ANSWER:  Defendant will rely upon the Court to establish the duties of the parties to this action.   To the extent this allegation requires a response, Defendant denies the characterization of Defendant's legal duties in Paragraph 4 of Plaintiff's Complaint.**

5.      That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid store in a condition reasonably safe for plaintiff and free from defects and conditions rendering the store unsafe.

**ANSWER:  Defendant will rely upon the Court to establish the duties of the parties to this action.   To the extent this allegation requires a response, Defendant denies the characterization of Defendant's legal duties in Paragraph 5 of Plaintiff's Complaint.**

6.      That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing in said store.

**ANSWER:  Defendant will rely upon the Court to establish the duties of the parties to this action To the extent this allegation requires a response, Defendant denies the characterization of Defendant's legal duties in Paragraph 6 of Plaintiff's Complaint.**

7.      That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

**ANSWER:  Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8.      That the permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said store.

**ANSWER:  Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9.      That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

**ANSWER:  Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

10.     That the plaintiff has incurred medical expenses, lost wages, and other special expenses, and will incur future medical expenses, lost wages, and other special expenses, as a direct and proximate result of defendant's negligence.

**ANSWER:  Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.**

**WHEREFORE**, Defendant, Costco Wholesale Corporation, by counsel, requests Plaintiff takes nothing by way of her Complaint, that costs be awarded to Defendant, and the Court order all other proper relief.

## AFFIRMATIVE DEFENSES

In further defense against Plaintiff's Complaint, Defendant, Costco Wholesale Corporation, by counsel, alleges the following affirmative and other defenses.  Defendant reserves the right to amend, supplement, and/or withdraw these defenses as discovery continues as well as further plead defenses upon completion of discovery.

1.     That any allegations or rhetorical paragraphs contained in the Complaint which are not specifically admitted, denied, or responded to, are hereby denied.

2.     That Defendant reserves any and all rights Defendant may have to raise additional defenses, affirmative or otherwise, that may develop during the course of discovery in this action.

3.     That Plaintiff fails to state a claim against Defendant upon which relief can be granted.

4.     That Plaintiff may have been guilty of fault that contributed to the incident alleged in the Complaint and therefore Plaintiff's alleged damages are barred or diminished according to the apportion of fault as provided by Indiana law.

5.     That Defendant is entitled to a set-off of the amount of collateral source payments received by Plaintiff, whether received from Defendant or another party, as against any judgment entered in favor of Plaintiff resulting from the incident sued upon.

6.     The injuries and damages allegedly sustained by Plaintiff were the sole and proximate result of the negligence and carelessness of Plaintiff, over which Defendant had no control or right to control.

7.     Plaintiff failed to provide Defendant the opportunity to reduce or to mitigate damages, and failed to reduce or mitigate her own damages, such that her claims are inequitable and barred or reduced thereby.

8.     Plaintiff's claims and injuries were caused by an open and obvious danger. Defendant had no duty toward Plaintiff, including any duty to warn with respect to such an obvious danger.

9.     The injuries and damages for which Plaintiff complains were the proximate result of the risk knowingly and voluntarily incurred and/or assumed by Plaintiff.

10.     The liability of all parties, defendants, and non-parties, if any, should be apportioned according to their respective degrees of fault pursuant to I.C. 34-20-7-1 and/or 34-20-8-1, and the liability of Defendant, if any, should be reduced accordingly.

11.     Plaintiff's alleged contentions against Defendant are completely without merit and/or fraudulent or frivolous, and Defendant should be entitled to reasonable attorney fees and costs for defending this action.

12.     The actions or inactions that allegedly caused injury to the Plaintiff were not foreseeable to Defendant.

**WHEREFORE**, Defendant, Costco Wholesale Corporation, by counsel, requests Plaintiff takes nothing by way of her Complaint, that costs be awarded to Defendant, and the Court order all other proper relief.

## JURY DEMAND

Defendant, Costco Wholesale Corporation, by counsel, demand this cause be tried by a jury.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: _____

Leslie B. Pollie, Atty No. 25716-49
Jessica N. Hamilton, Atty No. 34268-71
Attorneys for Costco Wholesale Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, I electronically filed the foregoing document using the Indiana eFiling System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Phillip Olsson
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
philo@kennunn.com
*Attorney for Plaintiff*

_____

Leslie B. Pollie

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
lbpollie@kopkalaw.com

6

Filed: 6/30/2021 4:59 PM
Clerk
Marion County, Indiana

STATE OF INDIANA

COUNTY OF MARION

MARION COUNTY SUPERIOR COURT NO. 6

CAUSE NO. 49D06-2101-CT-002028

AMANDA BROWN,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

## PLAINTIFF'S PRELIMINARY LIST OF WITNESSES AND EXHIBITS

**WITNESSES**:

1.  Plaintiff, Amanda Brown

2.  Defendant, Costco Wholesale Corporation

3.  Eyewitness, Natia Layson, 317-652-6666

4.  Eyewitness, William Bryant, 317-538-3220

5.  All treating physicians, Ascension St. Vincent- Carmel, 13500 N Meridian St, Carmel, IN 46032

6.  All doctors that plaintiff has seen for injuries.

7.  Various lay witnesses, to be named later, will testify to the plaintiff's physical abilities before and/or after the incident.

8.  All witnesses listed by defendant.

9.  Additional witnesses may be listed by plaintiffs after discovery has been completed and prior to any deadlines set by the Court.

10. Plaintiff reserves the right to call rebuttal witnesses.

**EXHIBITS**:

1.  Diagram of scene of incident.

2

2.       Medical records.

3.       Medical bills.

4.       X-rays or other results of diagnostic tests.

5.       Medical encyclopedia and/or dictionary.

6.       Physician's Desk Reference.

7.       DSM-5, AMA Guides to the Evaluation of Permanent Impairment, Sixth Edition, or other learned treatises.

8.       Photographs or other depictions.

9.       Lost wage documentation.

10.      Video relating to this cause.

11.      Life expectancy tables.

12.      Video depictions/animations/stills of medical treatments and/or surgery performed or to be performed including but not limited to anatomical depictions of the human body and/or instrumentalities used or to be used in such treatments.

13.      Animation depicting how the incident occurred or an expert's opinion on how the incident occurred or might have occurred or similarly including but not limited to instrumentalities and persons and locations involved in the incident.

14.      Demonstrative aids and/or exemplars, including but not limited to photographs, website materials, Facebook or other social media items, Google Earth maps and street views or other computer assisted GPS location programs depicting locations, Google search results, Amazon items for general sale, anatomical illustrations, PowerPoint slides, YouTube videos of mechanism of injury and/or medical treatments and surgeries for conditions, animations, websites, search engine results, musical overlays, reproductions or other representative illustrations,   diagrams, drawings or depictions of scenes, people or things involved in this incident and any combination or modification of the above.

15.      All exhibits listed by defendant

16.      Additional exhibits may be listed by plaintiffs upon completion of discovery and prior to any deadlines set by the Court

17.      Any and all documents or other materials utilized by any expert retained by defendant and/or plaintiff to testify in this cause of action.

3

18.    Any and all documents attached and/or referenced in defendant's discovery responses.


                                        Respectfully submitted,
                                        KEN NUNN LAW OFFICE


                        By:        /s/Phillip Olsson
                                   Phillip Olsson, # 29416-53
                                   Attorney for Plaintiff, Amanda Brown

Phillip Olsson
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff, Amanda Brown

4
## CERTIFICATE OF SERVICE

       I hereby certify that on the 30th day of June, 2021 a copy of this document was filed electronically. Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system or by mail should counsel not be registered.

Leslie B. Pollie
Jessica N. Hamilton
Kopka Pinkus Dolin PC
550 Congressional Blvd, Suite 310
Carmel, IN   46032

                              Respectfully submitted,
                              KEN NUNN LAW OFFICE


                By:            */s/Phillip Olsson*
                       Phillip Olsson, # 29416-53
                       Attorney for Plaintiff, Amanda Brown

Phillip Olsson
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff, Amanda Brown

F I L E D
July 12, 2021
CLERK OF THE COURT
MARION COUNTY
DS

STATE OF INDIANA )       IN THE MARION SUPERIOR COURT
6                 ) SS:
COUNTY OF MARION  )       CAUSE NO. 49D06-2101-CT-002028

AMANDA BROWN

     VS.

COSTCO WHOLESALE CORPORATION

### CASE MANAGEMENT PLAN

     Comes now Plaintiff, by counsel, and comes now Defendant, by counsel and pursuant to Local Rule 16.1(B) submit the following Case Management Plan.

     The parties have conferred and agree to the establishment of the following deadlines:

1.    Preliminary Witness and Exhibit Lists shall be exchanged no later than sixty (60) days following approval of this Case Management Plan.

2.    Final Witness and Exhibit Lists are due sixty (60) days prior to trial.

3.    Any medical examinations requested by the Defendant pursuant to Trial Rule 35 shall be performed no later than ninety (90) days prior to trial and the expert's report shall be supplied to all parties no later than sixty (60) days before trial.

4.    Plaintiff shall disclose any experts witnesses no later than one hundred and fifty (150) days prior to trial. Defendants shall disclose any expert witnesses no later than one hundred and twenty (120) days prior to trial.

5.    Discovery shall be completed no later than thirty (30) days prior to trial.

6.    Any pre-trial motions, including motions in limine, and/or pre-trial briefs, shall be filed no later than seven (7) days prior to the final pre-trial conference.

7.    Parties agree that mediation shall be completed no later than one hundred fifty (150) days prior to trial.

8.    Motions for Summary Judgment or other dispositive motions shall be filed no later than one hundred fifty (150) days prior to trial.

9.      Parties anticipate that the parties will be ready for trial on or after September 1, 2022.

10.     Parties anticipate three days for trial.

11.     In the event of a continuance of a trial date, the above cutoff dates shall roll over to conform to

the new trial date.

12.     Final pre-trial conference shall be set for _____

at _____ a.m./p.m. and Jury Trial is set for _____.

Respectfully submitted,
**KEN NUNN LAW OFFICE**

Set telephonic hearing to be initiated
by Plaintiff on the following date:
   **Thursday, September 16, 2021
   at 11:30 am**

BY:      /s/Phillip Olsson_____
        Phillip Olsson, #29416-53
        ATTORNEY FOR PLAINTIFF

**KOPKA PINKUS DOLIN PC**

BY:      /s/Leslie B. Pollie_____
        Leslie B. Pollie, #25716-49
        Jessica Hamilton, #34268-71
        ATTORNEY FOR DEFENDANT

# June 28, 2021

**This Case Management Plan is hereby approved this _____, 2021.**

_____
**Judge, Marion Superior Court 6**

**DISTRIBUTE TO:**
All counsel of record

Filed: 8/10/2021 11:10 AM
Clerk
Marion County, Indiana

95715/232

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

## **MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

**COMES NOW** Defendant, Costco Wholesale Corporation, by counsel, and moves the court to approve the Agreed Protective Order filed contemporaneously herewith.  In support of such Motion, Defendant states as follows:

1. During the course of discovery, Plaintiffs have requested a copies of the incident report, photographs and security footage of the incident.

2. Also during the course of discovery, Defendant has requested Plaintiff's medical records, billing records, employment records, and insurance-related records.

3. Thus, in the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, proprietary information, confidential commercial information, financial and/or personal information, and/or other confidential information, or other information that may cause harm to the producing party or a non-party.  The parties anticipate production of the following categories of protected information: incident report, photographs and security footage of the incident, Plaintiff's medical records, billing records, employment records, and insurance-related records.  The

executed Stipulated Protective Order, is attached to this Motion as ***Exhibit 1***.

4. The entry of the proposed Protective Order is necessary to protect the Parties' and third parties' legitimate privacy interests.

5. The entry of the Protective Order will facilitate written discovery.

6. The parties have agreed to the entry of the proposed Protective Order, and all counsel have executed a stipulation contained in that order, to be bound by same.

Dated this 10th day of August 2021.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: _____
Leslie B. Pollie, Atty No. 25716-49
Jessica N. Hamilton, Atty No. 34268-71
Attorneys for Costco Wholesale Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2021, I electronically filed the foregoing document using the Indiana eFiling System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Phillip Olsson
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
<u>philo@kennunn.com</u>
*Attorney for Plaintiff*

Leslie B. Pollie

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
<u>lbpollie@kopkalaw.com</u>

95715/132

| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
|---|---|
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

### STIPULATION AND PROTECTIVE ORDER

Plaintiff Amanda Brown, by and through her counsel, Phillip Olsson, and Defendant, Costco Wholesale Corporation, by and through its counsel, Leslie B. Pollie and Jessica N. Hamilton, hereby enter into the following Stipulation for Protective Order:

1.    The parties hereto have been and may be requested to produce or disclose through discovery certain materials and information which they maintain is, or contains, trade secret, proprietary information, confidential commercial information, financial and/or personal information, and/or other confidential information (collectively, "Confidential Information"). The parties hereto are being permitted to inspect and obtain Confidential Information for use in the course of this litigation only.

2.    All written materials produced or disclosed by any party during pretrial discovery in this action that are designated as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" shall be revealed only as provided herein.

3.    A party's attorney may distribute or share Confidential Information protected by this Stipulation and Protective Order with counsel of record for the parties in this litigation, and their legal, paralegal, and clerical staff for the sole purpose of assisting

**Exhibit 1**

in the prosecution or defense of this action, and with the Court and its staff under such safeguards as the Court may direct so as to preserve and protect the confidentiality of any Confidential Information subject to this Order, and with stenographers and/or videographers retained for purposes of deposition in this matter.

4.     A party's attorney may distribute or share Confidential Information protected by this Stipulation and Protective Order with the following categories of persons only after the attorney has received a signed Nondisclosure Agreement in the form of "*Exhibit A*" (attached) from the person receiving the distribution or information, and such Confidential Information shall be disclosed and used solely to assist in the prosecution or defense of this action and not for any other purpose.

    a.     The parties in this case;

    b.     Persons retained to assist counsel of record for a party in this litigation, including experts, consultants, litigation support services, and outside copying services.

5.     Any production by any party of a document containing Confidential Information without such document being marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of confidentiality, upon timely notice to the parties. Upon receiving notice from a producing party that Confidential Information was not previously appropriately marked, all such material shall be marked as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and treated in accordance with the terms of this Stipulation and Protective Order.  Any party receiving such notice shall further make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material shall immediately be treated in conformity with the terms of this Stipulation and Protective Order, and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive

Confidential Information under the terms of this Stipulation and Protective Order.

6.     Any party may contest the confidential status of any information designated as Confidential Information. If a party disagrees with any designation of any information, it shall notify counsel for the other party and the Designating Party and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Indiana Trial Rules. At any hearing to determine the confidential status of any information, the party designating the information as confidential shall have the burden of showing why such information should be confidential.

7.     The consent of the parties to the terms of this Protective Order shall not be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility in evidence of any Confidential Information as to any issue in this action.

8.     Production of documents or information by any party at trial shall not constitute a waiver of the provisions of the Stipulation and Protective Order.

9.     To the extent that any motion, pleading, answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal Confidential Information protected by this Stipulation and Protective Order, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in and envelope marked "SEALED."

10.    Nothing herein shall be construed to preclude any party or non-party from seeking further protections from the Court against public disclosure of Confidential Information, or to restrain the Court's authority to issue lawful order governing the use of Confidential Information at trial or hearing.

11.     Upon final termination of this action, including all appeals therefrom, all documents and electronically stored information subject to this Stipulation and Protective Order shall be returned to the producing party, or in the alternative shall be destroyed. Counsel shall, upon request, certify compliance with this requirement.

12.     The parties to this agreement consent to the jurisdiction of this Court over the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

AGREED:

**KEN NUNN LAW OFFICE**

Dated: 8/10/21                   By:_____*Phillip Olsson*_____
                                                Phillip Olsson, (#29416-53)


**KOPKA PINKUS DOLIN PC**

Dated: 8/10/21                   By:_____Leslie B. Pollie_____
                                                Leslie B. Pollie (#25716-49)
                                                Jessica N. Hamilton, (#34268-71)

SO ORDERED:

Dated this _____ day of _____, 2021.

BY THE COURT:

_____
Judge, Marion Superior Court 6

**Exhibit A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I hereby acknowledge that I have received and read the terms and conditions of the Stipulation between the parties and Protective Order entered by the Court in the litigation captioned *Amanda Brown v. Costco Wholesale Corporation*, Marion Superior Court 6 Court, Case Number 49D06-2101-CT-002028, on _____, 2021. I understand the terms thereof and consent to be bound by such terms.

Further, by executing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the Superior Court No. 6 in Marion County, Indiana for the limited purpose of enforcing the terms of the Protective Order.

I understand that I may come into contact with information and/or documents which constitute trade secrets, proprietary information, confidential commercial information, financial and/or personal information, and/or other Confidential Information.

I agree to maintain the confidentiality of all such information and documents that are designated "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL." In furtherance of this agreement, I agree to not share or discuss, disclose, describe, or distribute any such designated information and/or documents I receive with (or to) anyone else. Further, I agree to return all such designated documents to the party that tendered such designated documents to me at the end of this litigation including all appeals therefrom, or to destroy such designated documents without retaining any copy or copies for myself or any other person or entity.

I recognize that a breach of this Non-Disclosure Agreement may be punishable as a contempt of court. All civil remedies for breach of this Non-Disclosure Agreement are specifically reserved and are not waived by the disclosure provided for herein.

Further, in the event of breach of this agreement, I recognize that the producing party or parties may pursue all civil remedies available to them, as beneficiaries of this agreement.

Dated: _____, 2021.


_____


SUBSCRIBED and SWORN to before me
this _____ day of _____, 2021


_____
Notary Public
My commission: _____

95715/132

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 6 |
| COUNTY OF MARION | CAUSE NO. 49D06-2101-CT-002028 |

AMANDA BROWN,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

**F I L E D**

August 10, 2021
CLERK OF THE COURT
MARION COUNTY
JW

## STIPULATION AND PROTECTIVE ORDER

Plaintiff Amanda Brown, by and through her counsel, Phillip Olsson, and Defendant, Costco Wholesale Corporation, by and through its counsel, Leslie B. Pollie and Jessica N. Hamilton, hereby enter into the following Stipulation for Protective Order:

1.    The parties hereto have been and may be requested to produce or disclose through discovery certain materials and information which they maintain is, or contains, trade secret, proprietary information, confidential commercial information, financial and/or personal information, and/or other confidential information (collectively, "Confidential Information"). The parties hereto are being permitted to inspect and obtain Confidential Information for use in the course of this litigation only.

2.    All written materials produced or disclosed by any party during pretrial discovery in this action that are designated as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" shall be revealed only as provided herein.

3.    A party's attorney may distribute or share Confidential Information protected by this Stipulation and Protective Order with counsel of record for the parties in this litigation, and their legal, paralegal, and clerical staff for the sole purpose of assisting

in the prosecution or defense of this action, and with the Court and its staff under such safeguards as the Court may direct so as to preserve and protect the confidentiality of any Confidential Information subject to this Order, and with stenographers and/or videographers retained for purposes of deposition in this matter.

4.     A party's attorney may distribute or share Confidential Information protected by this Stipulation and Protective Order with the following categories of persons only after the attorney has received a signed Nondisclosure Agreement in the form of "*Exhibit A*" (attached) from the person receiving the distribution or information, and such Confidential Information shall be disclosed and used solely to assist in the prosecution or defense of this action and not for any other purpose.

   a.     The parties in this case;

   b.     Persons retained to assist counsel of record for a party in this litigation, including experts, consultants, litigation support services, and outside copying services.

5.     Any production by any party of a document containing Confidential Information without such document being marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of confidentiality, upon timely notice to the parties. Upon receiving notice from a producing party that Confidential Information was not previously appropriately marked, all such material shall be marked as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and treated in accordance with the terms of this Stipulation and Protective Order.  Any party receiving such notice shall further make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material shall immediately be treated in conformity with the terms of this Stipulation and Protective Order, and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive

Confidential Information under the terms of this Stipulation and Protective Order.

6.      Any party may contest the confidential status of any information designated as Confidential Information. If a party disagrees with any designation of any information, it shall notify counsel for the other party and the Designating Party and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Indiana Trial Rules. At any hearing to determine the confidential status of any information, the party designating the information as confidential shall have the burden of showing why such information should be confidential.

7.      The consent of the parties to the terms of this Protective Order shall not be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility in evidence of any Confidential Information as to any issue in this action.

8.      Production of documents or information by any party at trial shall not constitute a waiver of the provisions of the Stipulation and Protective Order.

9.      To the extent that any motion, pleading, answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal Confidential Information protected by this Stipulation and Protective Order, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in and envelope marked "SEALED."

10.     Nothing herein shall be construed to preclude any party or non-party from seeking further protections from the Court against public disclosure of Confidential Information, or to restrain the Court's authority to issue lawful order governing the use of Confidential Information at trial or hearing.

11.    Upon final termination of this action, including all appeals therefrom, all documents and electronically stored information subject to this Stipulation and Protective Order shall be returned to the producing party, or in the alternative shall be destroyed. Counsel shall, upon request, certify compliance with this requirement.

12.    The parties to this agreement consent to the jurisdiction of this Court over the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

AGREED:

**KEN NUNN LAW OFFICE**

Dated: 8/10/21            By:_____*Phillip Olsson*_____

                                     Phillip Olsson, (#29416-53)


**KOPKA PINKUS DOLIN PC**

Dated: 8/10/21            By:_____Leslie B. Pollie_____

                                     Leslie B. Pollie (#25716-49)

                                     Jessica N. Hamilton, (#34268-71)

SO ORDERED:

Dated this ____ day of ___**August 10, 2021**___, 2021.

BY THE COURT:

_____

Judge, Marion Superior Court 6

**Exhibit A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I hereby acknowledge that I have received and read the terms and conditions of the Stipulation between the parties and Protective Order entered by the Court in the litigation captioned *Amanda Brown v. Costco Wholesale Corporation*, Marion Superior Court 6 Court, Case Number 49D06-2101-CT-002028, on _____, 2021. I understand the terms thereof and consent to be bound by such terms.

Further, by executing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the Superior Court No. 6 in Marion County, Indiana for the limited purpose of enforcing the terms of the Protective Order.

I understand that I may come into contact with information and/or documents which constitute trade secrets, proprietary information, confidential commercial information, financial and/or personal information, and/or other Confidential Information.

I agree to maintain the confidentiality of all such information and documents that are designated "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL." In furtherance of this agreement, I agree to not share or discuss, disclose, describe, or distribute any such designated information and/or documents I receive with (or to) anyone else. Further, I agree to return all such designated documents to the party that tendered such designated documents to me at the end of this litigation including all appeals therefrom, or to destroy such designated documents without retaining any copy or copies for myself or any other person or entity.

I recognize that a breach of this Non-Disclosure Agreement may be punishable as a contempt of court. All civil remedies for breach of this Non-Disclosure Agreement are specifically reserved and are not waived by the disclosure provided for herein.

Further, in the event of breach of this agreement, I recognize that the producing party or parties may pursue all civil remedies available to them, as beneficiaries of this agreement.

Dated: _____, 2021.


_____


SUBSCRIBED and SWORN to before me
this _____ day of _____, 2021


_____
Notary Public
My commission: _____